# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-50905
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARTIN SALUD GARCIA-RAMIREZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-1130-1

_____

Before CLEMENT, RICHMAN, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Martin Salud Garcia-Ramirez appeals his sentence for illegal reentry into the United States after having been removed, in violation of 8 U.S.C. § 1326. He contends that § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50905

reasonable doubt. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he raises the issue to preserve it. The government has moved without opposition for summary affirmance, or, alternatively, for an extension of time to file a brief.

Garcia-Ramirez's sole argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (*Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Thus, summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the government's motion for summary affirmance is GRANTED, the government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.